IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TAYLOR COOPER LEWIS                                                                          PLAINTIFF

v.                                           6:20-cv-6062

CORPORAL CHRISTOPHER SUTTON,
Ouachita River Correctional Unit (ORCU);
SERGEANT JACOB MONTGOMERY, ORCU;
and ARKANSAS DEPARTMENT OF CORRECTION
DIRECTOR DEXTOR PAYNE                                                                       DEFENDANTS

**ORDER**

    This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

    Plaintiff is representing himself in this matter and has been granted leave to proceed *in forma pauperis*. ECF No. 5. Plaintiff alleges that his constitutional rights were violated by the denial of due process regarding a disciplinary matter. In his first claim, Plaintiff alleges that Defendants Corporal Christopher Sutton and Sergeant Jacob Montgomery failed "to follow policy and procedure as outlined in the Administrative Directive, thus violating my right to due process." ECF No. 1, p. 4. Plaintiff alleges that on April 1, 2020, he was charged with certain disciplinary violations when Defendant Sutton claimed he found a "shank" in the track to Plaintiff's cell door that prevented it from closing. ECF No. 1, p. 4. Plaintiff alleges that he was "never given a confiscation form" and that "a simple review of camera footage would've shown . . . there was no

way that my cell door could've been prevented from locking." ECF No. 1, p. 5. Plaintiff states that Defendant Montgomery took statements from Plaintiff's cellmates regarding the incident. ECF No. 1, p. 4. Plaintiff claims that the disciplinary violation "resulted in me spending 30 days in solitary confinement, which agitated my mental health diagnoses (PTSD, Generalized Anxiety Disorder, Major Depressive Disorder), caused much undue stress to my family and myself, and has resulted in other issues." ECF No. 1, p. 5. Plaintiff states his injuries as follows:

> 365 days of earned good time credit were taken. I was reduced to Good Time Class 4 for a period of 12 months which causes the parole board to defer my possible consideration for parole. . . . I was due to be eligible for parole in June 2020, and this opportunity was taken, extending my time in the ADC, or at least negating my possibility of parole, for a violation I know nothing about, not to mention the process that was not adhered to.

ECF No. 1 at 5. Finally, Plaintiff states that his "phone, visitation, and commissary was also suspended for 60 days." ECF No. 1 at 5.

Plaintiff's second claim is against Arkansas Department of Correction Director Dexter Payne. Plaintiff alleges that Defendant Payne failed to conduct a thorough review of Plaintiff's appeal of the disciplinary matter and thus denied him a "proper appeal." ECF No. 1, p. 6. Plaintiff claims that he is "entitled to a fair appeal of a major disciplinary violation that I am found guilty of, as that is the only administrative remedy available to me." ECF No. 1, p.8.

Plaintiff asserts that he is suing all three Defendants in their individual and official capacities and is seeking compensatory and punitive damages. Specifically, Plaintiff states:

> I want the major disciplinary violations I was found guilty of to be overturned, so that I may have them removed from my institutional jacket. I also would like $25,000 for emotional stress caused by spending 30 days in isolation as well as the disciplinary process itself. But mostly, I would like the defendants to be held accountable so this does not continue to happen.

ECF No. 1, p. 9.

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff's due process claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  This rule is "grounded in the federal policy that state inmates must exhaust state remedies before seeking federal habeas relief." *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).

The *Heck* doctrine applies to an inmate's § 1983 action for damages for the imposition of discipline that affects the length of his sentence. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). An inmate's § 1983 action seeking damages for prison discipline that results in loss of good-time credits does not arise until the inmate has successfully challenged the prison discipline through habeas or some other proceeding. *Portley-El*, 288 F.3d at 1066-67. In other words, *Heck* requires the favorable termination of a disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley,* 83 F.3d 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (An inmate's claims in which he sought restoration for good-tine credits he lost because of his disciplinary convictions, or declaratory relief, or damages based on those convictions were *Heck*-barred).

Here, Plaintiff has not alleged that his disciplinary conviction has been favorably terminated. Accordingly, his claims seeking monetary damages related to his disciplinary violation and for the Court to overturn his disciplinary violation are barred by *Heck*.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's claims should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of October 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge